NO. 07-04-0048-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 2, 2004

_____

IN RE R. WAYNE JOHNSON, RELATOR
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator, R. Wayne Johnson, seeks issuance of a writ of mandamus directing respondent Caroline Woodburn, District Clerk of Potter County, to (1) accept and file a petition for habeas corpus relator wishes to file, (2) obey her oath of office, and (3) obey certain specified decisions of the United States Supreme Court and the law in general. He also seeks our declaration that an application for habeas corpus is not subject to the provisions of TEX. CIV. PRAC. & REM. CODE ANN. chapter 11 (Vernon Supp. 2004), concerning vexatious litigants. We dismiss for lack of jurisdiction.

A district clerk is not one of the officials against whom we have jurisdiction to issue writs of mandamus pursuant to TEX. GOV'T CODE ANN. § 22.221(b) (Vernon Supp. 2004). Nor does relator so urge. Instead, relator claims that we have jurisdiction in this original proceeding because respondent's refusal to accept his suit interferes with this court's

appellate jurisdiction.  See id. § 22.221(a).  He cites, in part, In re Washington, 7 S.W.3d 181 (Tex.App.–Houston [1ˢᵗ Dist.] 1999, orig. proceeding).

In Washington the relator filed a notice of appeal from a trial court proceeding.  The district clerk failed to process and forward the notice to the appellate court.  The court of appeals noted that the filing of a notice of appeal invokes appellate jurisdiction, and determined that it had jurisdiction to issue a writ of mandamus directing the district clerk to perform the ministerial duty of forwarding the notice to the appropriate appellate court. Id. at 181-82.

We agree with relator that we have jurisdiction to issue a writ of mandamus to enforce our jurisdiction.  See Gov't. Code § 22.221(a); In re Washington, 7 S.W.3d at 182. But, such jurisdiction exists to enforce our actual, as opposed to potential, jurisdiction.  See Shelvin v. Lykos, 741 S.W.2d 178, 181 (Tex.App.--Houston [1ˢᵗ Dist.] 1987, orig. proceeding).

Relator does not claim the existence of, nor does he present documents which he claims evidence an appealable order, or a notice of appeal which has not been forwarded as occurred in Washington.  Our appellate jurisdiction as to the lawsuit relator alleges respondent refuses to file is potential, as it is with any lawsuit which might be filed and eventually appealed to this court.  But, our jurisdiction over such a suit is not actual until an event occurs which ripens our potential jurisdiction into actual jurisdiction.  And, it is relator's burden to properly request and show entitlement to the mandamus relief he

requests.  <u>See</u> <u>generally</u> <u>Johnson v. Fourth District Court of Appeals</u>, 700 S.W.2d 916, 917

(Tex. 1985) (orig. proceeding).  He has not done so.

We dismiss the petition for writ of mandamus for want of jurisdiction.


Phil Johnson
Chief Justice