NO. 07-04-0413-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 9, 2004
_____

In re GREGORIO SOTO, JR.,

Relator
_____

***Original Proceeding***
_____

Before JOHNSON, CJ., and QUINN and CAMPBELL, JJ.

Pending before this court is the petition of Gregorio Soto, Jr., for a writ of mandamus. As we construe the document, he wishes us to order Greg Abbott (Texas Attorney General), Ricky B. Smith (District Attorney of Garza County), and Jerry Hays (District Clerk of Garza County) to provide him with copies of court records and unprivileged documents so that he may seek a writ of habeas corpus. For the reasons which follow, we deny the petition.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter complained of." In this case, the documents showing the matters complained of would at the very least be copies of documents showing the relief that has been sought and a denial of the same. Although relator refers to exhibits attached to his petition, we find none and there is no

record before us. Thus, relator not only failed to comply with the rules of appellate procedure regulating mandamus, but also denied us a record sufficient to enable us to assess his complaints.

Second, to the extent that relator wants us to order an entity other than a trial court to act, we, as an appellate court, have jurisdiction to do so only when necessary to enforce our jurisdiction over a pending appeal. *In re Washington,* 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). At bar, however, Soto fails to allege that any such appeal pends. Nor have we found an appeal involving Soto pending on our docket. Furthermore, the Open Records Act, to which relator refers, does not grant original jurisdiction to courts of appeal to issue writs of mandamus. *Garner v. Gately,* 909 S.W.2d 61, 62 (Tex. App.—Waco 1995, orig. proceeding). Thus, we have no jurisdiction over the request for mandamus relief.

Third, and to the extent that relator seeks a declaratory judgment, nothing of record illustrates that the request either was presented to a trial court or that a trial court refused to act upon it. One asking for mandamus relief must first show that the trial court was asked to do something and that it refused the request. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992).

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Justice


2