NO. 07-04-0461-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 16, 2004
_____

In re RONALD H. MARR, JR.,

Relator
_____

***Original Proceeding***
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Pending before this court is the application of Ronald H. Marr, Jr., for leave to file a petition for writ of mandamus. As we construe the petition, Marr asks us to order the District Attorney's office of Lubbock County, the judge of the 137th District Court of Lubbock County, and his court-appointed counsel to "hear and present" various motions he has filed as well as a petition for writ of habeas corpus. For the reasons which follow, we deny the petition.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter complained of . . . ." *Id.* 52.3(j)(1)(A). In this case, the documents showing the matters complained of would at the very least be copies of the motions and writ of habeas corpus which Marr alleges were not presented or addressed. Although he refers to those documents as being

attached to his petition, we do not find them and there is no record before us. Thus, relator not only failed to comply with the rules of appellate procedure regulating mandamus, but also denied us a record sufficient to enable us to assess his complaints.

Second, to the extent that relator wants us to order an entity or person other than a trial court to act, we, as an appellate court, have jurisdiction to do so only when necessary to enforce our jurisdiction over a pending appeal. *In re Washington,* 7 S.W.3d 181, 182 (Tex. App.--Houston [1st Dist.] 1999, orig. proceeding). At bar, however, relator fails to allege that any such appeal is pending. Nor does he argue that the relief requested is necessary to assure the proper resolution of any appeal that he may have pending. Thus, and to the extent that it encompasses the district attorney and court-appointed counsel, we have no jurisdiction over the request for mandamus relief.

Third, and to the extent that relator requests we order the trial court to act upon various motions or petitions for writs, nothing of record illustrates that the requests were presented to the trial court or that a trial court refused to act upon them. One asking for mandamus relief must first show that the trial court was asked to do something and that it refused the request. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992).

Accordingly, the application for leave to file a petition for writ of mandamus is denied.


Brian Quinn
Justice


2