Petitions for Writ of Mandamus Denied in Part, and Dismissed for Want of
Jurisdiction in Part, and Memorandum Opinion filed August 28, 2008








 

Petitions
for Writ of Mandamus Denied in Part, and Dismissed for Want of Jurisdiction in
Part, and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00764 -CV

NO. 14-08-00767 -CV

____________

 

IN RE IVO NABELEK, Relator

 

 



 

ORIGINAL
PROCEEDINGS

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
August 15, 2008, relator Ivo Nabelek filed two petitions for writ of mandamus
arising from two 1994 criminal convictions.  See Tex. Gov=t Code Ann. ' 22.221(b) (Vernon 2004); Tex. R.
App. P. 52.  Relator identifies the respondents as the Honorable Debbie
Mantooth Stricklin, presiding judge of the 180th Judicial District Court of
Harris County, and the Harris County District Clerk, Theresa Chang.  Relator
has not demonstrated that the petition was served on the respondents or the
real party in interest, who was identified as the Harris County District
Attorney.  See Tex. R. App. P. 9.5.  We decline to issue mandamus
relief.








We do
not have jurisdiction to issue a writ of mandamus against a district or county
clerk unless a writ is necessary to enforce our jurisdiction.  See Tex.
Gov=t Code Ann. ' 22.221; In re Washington, 7
S.W.3d 181, 182 (Tex. App.CHouston [1st Dist.] 1999, orig. proceeding).  Relator has not
demonstrated that a writ of mandamus is necessary to enforce our jurisdiction,
and we therefore dismiss, for want of jurisdiction, the portions of relator=s mandamus petition directed at Ms.
Chang.

We
construe the remainder of relator=s petition as a request that we issue
a writ of mandamus to require the trial judge to rule on two pending motions
that, according to relator, were mailed on June 20, 2008.  A trial court has a
reasonable time to perform the ministerial duty of considering and ruling on a
motion that was properly filed and presented to the court.  See In re Chavez,
62 S.W.3d 225, 228 (Tex. App.CAmarillo 2001, orig. proceeding).  There is no bright-line
demarcation of what constitutes a Areasonable time@ and, in fact, this determination
rests upon the particular circumstances of the case and a Amyriad of criteria.@  See id. at 228B29.

Relator
has failed to file a mandamus record.  See Tex. R. App. P. 52.7. 
The absence of a record prevents us from evaluating the circumstances of this
case and, consequently, the merits of relator=s complaints.  See id. at 229;
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig.
proceeding).  We therefore must conclude that relator has not demonstrated his
entitlement to the extraordinary relief of a writ of mandamus.     Accordingly,
we deny the petitions for writ of mandamus.

PER
CURIAM

 

Petition Denied in Part, and Dismissed for Want of
Jurisdiction in Part, and Memorandum Opinion filed, August 28, 2008.

Panel consists of Justices Yates, Seymore, and Boyce.