NUMBER 13-08-677-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE STEVE MOSES






On Petition for Writ of Mandamus






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Benavides


Memorandum Opinion Per Curiam (1)



 Relator, Steven Moses, filed a pro se petition for writ of mandamus in the above
cause on November 25, 2008, seeking to compel the District Clerk of Victoria County to
"recognize the jurisdiction of the 13th Court of Appeals and process one or more notices
of appeal now before the Clerk." The Court, having examined and fully considered the
petition for writ of mandamus, is of the opinion that the petition should be denied. 

 This Court does not have mandamus jurisdiction over district clerks unless it is
shown that issuance of the writ is necessary to enforce our jurisdiction. See Tex. Gov't
Code Ann. § 22.221(a), (b) (Vernon 2004); In re Washington, 7 S.W.3d 181, 182 (Tex.
App.-Houston [1st Dist.] 1999, orig. proceeding); In re Coronado, 980 S.W.2d 691, 692
(Tex. App.-San Antonio 1998, orig. proceeding); see also In re Nubine, No. 13-08-507-CV,
2008 Tex. App. LEXIS 6534, at *1 (Tex. App.-Corpus Christi Aug. 27, 2008, orig.
proceeding) (per curiam) (mem. op). In the instant case, the petition for writ of mandamus
fails to meet the requirements of Texas Rule of Appellate Procedure 52 and, accordingly,
fails to establish that issuance of the writ is necessary to enforce our jurisdiction. See Tex.
R. App. P. 52. 

 It is the relator's burden to provide this Court with a sufficient petition and record to
establish his right to mandamus relief. See generally Tex. R. App. P. 52. Specifically, for
instance, the relator must file an appendix with the petition for writ of mandamus, and the
appendix must include, inter alia, a certified or sworn copy of any order complained of, or
any other document showing the matter complained of. See id. 52.3(k). The relator must
also file a record including a "certified or sworn copy of every document that is material to
the relator's claim for relief and that was filed in any underlying proceeding," and "a
properly authenticated transcript of any relevant testimony from any underlying proceeding,
including any exhibits offered in evidence, or a statement that no testimony was adduced
in connection with the matter complained." See id. 52.7(a). Further, relator must file a
certification with the petition for the petition for writ of mandamus stating that every factual
statement in the petition is supported by competent evidence included in the appendix or
record. See id. 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and
concise argument for the contentions made, with appropriate citations to authorities and
to the appendix or record." See id. 52.3(h).


 In the instant case, relator has failed to meet these requirements and has thus failed
to provide this Court with a petition and record sufficient to establish his right to mandamus
relief. Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App. P.
52.8(a). 


 PER CURIAM

 


Memorandum Opinion delivered and

filed this 2nd day of December, 2008.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).