

**NUMBER 13-09-00190-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE FERNANDO GARCIA**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Benavides**
**Per Curiam Memorandum Opinion[1]**

Relator, Fernando Garcia, has filed a pro se petition for writ of mandamus in this Court, complaining that the respondent, Laura Hinojosa, the District Clerk of Hidalgo County, Texas, has not forwarded documents related to an article 11.07 writ of habeas corpus to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008). In his petition, relator requests this Court to make a finding

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

that the respondent has not transmitted documents to the court of criminal appeals within a reasonable time and the relator "brought this litigation in Good Faith and has substantially prevailed." Relator also requests this Court to order respondent to send copies of documents related to his application for writ of habeas corpus to the court of criminal appeals.

This Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.–Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op). Moreover, while courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2008); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition for writ of mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 14th day of April, 2009.

2