

NUMBER 13-09-00540-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE: WHITNEY G. RICE

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam[1]

Relator, Whitney G. Rice, filed a pro se petition for writ of mandamus on September 25, 2009, seeking to compel the District Clerk of Nueces County to comply with her ministerial duties and forward documents pertaining to relator's conviction to the Texas Court of Criminal Appeals. The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that the petition should be denied.

This Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

CODE ANN. § 22.221(a), (b) (Vernon 2004); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.–Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op). In the instant case, the petition for writ of mandamus fails to meet the requirements of Texas Rule of Appellate Procedure 52 and, accordingly, fails to establish that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. R. APP. P. 52.

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* TEX. R. APP. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See id.* 52.3(h).

In the instant case, relator has failed to meet these requirements and has thus failed

2

to provide this Court with a petition and record sufficient to establish his right to mandamus relief. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and filed
this 30th day of September, 2009.