

# NUMBER 13-10-00285-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RICARDO DAVILA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Per Curiam Memorandum Opinion[1]

Relator, Ricardo Davila, filed a pro se petition for writ of mandamus in the foregoing cause on May 13, 2010, seeking to compel the District Clerk of Cameron County, Texas, to respond to relator's writ of habeas corpus, which was allegedly filed on February 12, 2010. We dismiss the petition for writ of mandamus as stated herein.

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to mandamus relief. *See generally* TEX. R. APP. P. 52. Specifically, for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

instance, the relator must file an appendix with the petition for writ of mandamus, and the appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained" of. *See id.* 52.7(a). Finally, the petition for writ of mandamus must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See id.* 52.3(h).

In the instant case, relator has failed to meet these requirements and has thus failed to provide this Court with a petition and record sufficient to establish his right to mandamus relief. Specifically, relator contends that the respondent has failed to act on his petition for writ of habeas corpus, however, relator has neither included this document in the appendix or record, nor has he included documentation showing that the writ has been provided to the respondent for filing.

Further, this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and to issue other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (Vernon 2004). This Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691,

2

692 (Tex. App.–San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.–Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op). And finally, if this proceeding concerns a final felony conviction, which we are unable to determine because of the deficiencies herein, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009); *Martin v. Hamlin*, 25 S.W.3d 718, 719 (Tex. Crim. App. 2000) (writ of mandamus conditionally granted to direct the respondent, the district clerk, to forward the post-conviction writ to the court of criminal appeals.); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction.").

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition for writ of mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a). All pending motions are likewise DISMISSED.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of May, 2010.

3