

**NUMBER 13-10-00423-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE KENNETH HICKMAN-BEY**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Benavides, and Vela**
**Per Curiam Memorandum Opinion[1]**

Relator, Kenneth Hickman-Bey, filed a pro se petition for writ of mandamus in the above cause on August 2, 2010, seeking to compel the District Clerk of Bee County to "file all pleadings, suits, or instruments properly submitted under the rules of court" and to "supply relator with a copy of the existing records and all documents on [file] with the Office of the Bee County District Clerk . . . ."  Relator also seeks an order abating the underlying

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

lawsuit "until [v]erification can be made of all pleadings filed or not filed."[2]

We do not have jurisdiction to grant the requested relief.  This Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.–Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op).  In the instant case, relator's petition for writ of mandamus, which fails to comply with the requirements of the appellate rules, does not show that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction.  *See generally* TEX. R. APP. P. 52.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter.  Accordingly, the petition for writ of mandamus is DISMISSED for want of jurisdiction.  *See id.* 52.8(a).


PER CURIAM


Delivered and filed the
11th day of August, 2010.

---

[2] Relator further filed a "Motion to Suspend Rules" with his petition for writ of mandamus.  Relator's "Motion to Suspend Rules" is hereby GRANTED IN PART insofar as relator requests permission to file fewer copies of the petition for writ of mandamus and DENIED IN PART as to all other relief sought therein.

2