NUMBERS 

13-10-00474-CR 

13-10-00475-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: ARNOLD F. HORTON






On Petition for Writ of Mandamus






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Garza


Per Curiam Memorandum Opinion (1)



 Relator, Arnold F. Horton, filed a pro se petition for writ of mandamus in the above
causes on August 23, 2010, contending that the District Clerk of Orange County has
abused her discretion in failing to provide relator with a free copy of the clerk's record. (2) 
According to relator, the trial court has ruled that he is indigent and entitled to a copy of this
record.

 Horton was convicted of burglary of a building in trial court cause number
B-090147-R, and convicted of forgery in trial court cause number B-090309-R, both causes
pending in the 163rd District Court of Orange County, Texas. His appeals from these
convictions were transferred to this Court from the Ninth Court of Appeals by order of the
Texas Supreme Court. See Tex. Gov't Code Ann. § 22.220(a) (Vernon Supp. 2010)
(delineating the jurisdiction of appellate courts); Tex. Gov't Code Ann. § 73.001 (Vernon
2005) (granting the supreme court the authority to transfer cases from one court of appeals
to another at any time that there is "good cause" for the transfer). These appeals are
currently pending in this Court as appellate causes 13-10-00187-CR and 13-10-00188-CR
respectively. Relator is represented by appointed counsel in these appeals.

 Relator's petition for writ of mandamus does not meet the requirements of the Texas
Rules of Appellate Procedure because it does not contain a designation of parties and
counsel; a table of contents; an index of authorities; a statement of the case; a statement
of jurisdiction; a designation of the issues presented; a statement of facts; a "clear and
concise argument for the contentions made, with appropriate citations to authorities and
to the appendix or record;" or an appendix that contains a copy of any order complained
of. See generally Tex. R. App. P. 52.3. 

 Moreover, the trial court has appointed Christine Brown Zeto as appellate counsel
for relator, and relator is not entitled to hybrid representation. See Robinson v. State, 240
S.W.3d 919, 922 (Tex. Crim. App. 2007); Patrick v. State, 906 S.W.2d 481, 498 (Tex.
Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se
petition for writ of mandamus will be treated as presenting nothing for this Court's
consideration. See Patrick, 906 S.W.2d at 498; Gray v. Shipley, 877 S.W.2d 806 (Tex.
App.-Houston [1st Dist.] 1994, orig. proceeding); see also In re Johnson, No.
01-08-00942-CR, 2008 Tex. App. LEXIS 9004, at *1-*2 (Tex. App.-Houston [1st Dist.] Dec.
4, 2008, orig. proceeding) (per curiam mem. op., not designated for publication). In this
regard, we note that relator has not attached any transcript or written order by the trial court
that orders a copy of the clerk's record to be sent directly to relator. See Tex. R. App. P.
52.3 (k). Moreover, the clerk's records and supplemental clerk's records have already
been properly filed in both of relator's appeals.

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief sought. Relator has
not established his entitlement to the extraordinary relief of a writ of mandamus. See
Simon v. Levario, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). Accordingly, the petition
for writ of mandamus in these causes is DENIED. See Tex. R. App. P. 52.8(a).

 


 PER CURIAM



Do not publish. 

Tex. R. App. P. 47.2(b).



Delivered and filed the

25th day of August, 2010.

 


 

1. See Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as
in any other case."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. This Court only has mandamus jurisdiction over district clerks where it is shown that issuance of the
writ is necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon 2004); In re
Washington, 7 S.W.3d 181, 182 (Tex. App.-Houston [1st Dist.] 1999, orig. proceeding); In re Coronado, 980
S.W.2d 691, 692 (Tex. App.-San Antonio 1998, orig. proceeding); see also In re Nubine, No. 13-08-507-CV,
2008 Tex. App. LEXIS 6534, at *1 (Tex. App.-Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam
mem. op., not designated for publication).