Petition for Writ of Mandamus Dismissed and
Memorandum Opinion filed September 1, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00826-CR



 

In Re Michael Wayne barnes,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
August 26, 2010, relator, Michael
Wayne Barnes, filed a petition for writ of mandamus in this Court.  See Tex.
Gov’t Code Ann. § 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In
the petition, relator asks this Court to compel the presiding judge of the 183rd
District Court of Harris
County to designate the issues to be resolved pursuant to Article 11.07 of the
Texas Code of Criminal Procedure in the underlying habeas corpus proceeding.[1]  

            Although
courts of appeals have jurisdiction in criminal matters, only the Texas Court
of Criminal Appeals has jurisdiction over matters related to final
post-conviction felony proceedings.  Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).  “[C]ourts of
appeals have no authority to issue writs of mandamus in criminal law matters
pertaining to [post-conviction habeas] proceedings.”  In re McAfee, 53
S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). 
Therefore, this court does not have jurisdiction to compel the trial court to
designate the issues to be resolved in the underlying habeas corpus
proceeding.  

            Relator
alternatively requests that this court compel the district clerk to forward his
application for writ of habeas corpus and related records to the Texas Court of
Criminal Appeals.  A court of appeals has no general writ power over a
person—other than a judge of a district court or county court—unless issuance
of the writ is necessary to enforce the court’s jurisdiction.  See Tex.
Gov’t Code Ann. § 22.221.  A court of appeals has no jurisdiction to issue a
writ of mandamus against a district clerk unless necessary to enforce its
jurisdiction.  In re Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston
[1st Dist.] 1999, orig. proceeding).  Relator has not shown that a writ of
mandamus directed to the district clerk is necessary to enforce our
jurisdiction because this court has no jurisdiction over matters related to
post-conviction habeas corpus proceedings.  See Ater, 802 S.W.2d at 243;
In re McAfee, 53 S.W.3d at 718.  Therefore, this court does not have
jurisdiction to issue a writ of mandamus against the district clerk.  

Accordingly, relator’s petition for writ of mandamus
is ordered dismissed for lack of jurisdiction.

                                                                                    PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices Yates and
Sullivan.

Do Not Publish—Tex. R. App. P. 47.2(b).









[1] Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009).