Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed September 30, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00889-CR

____________

 

IN RE PAUL ROSS, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On September 16, 2010, relator Paul Ross filed a petition for
writ of mandamus in this court in which he complains that the Harris County
District Clerk has not provided him with copies of the records necessary to
pursue post-conviction relief from his final sexual assault conviction.  Relator
states that in 2009 he entered a guilty plea to sexual assault and was
sentenced pursuant to a plea bargain agreement with the State to twelve years
in prison. 

This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) writs necessary to enforce the court of appeals’ jurisdiction.  Tex.
Gov’t Code Ann. § 22.221. 

We have no jurisdiction to issue a writ of mandamus against a district
clerk unless necessary to enforce our jurisdiction.  See In re Washington,
7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  Only
the Texas Court of Criminal Appeals has jurisdiction over matters related to
post-conviction relief from a final felony conviction.  See Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex. 1991); see also Tex. Code
Crim. Proc. Ann. art. 11.07; Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App.
1995) (holding that article 11.07 provides the exclusive means to challenge a
final felony conviction).  Relator’s request for copies of his records relates
to post-conviction relief from an otherwise final felony conviction and does
not affect our jurisdiction.  Therefore, we have no jurisdiction to grant
relief against the district clerk.  

Relator’s petition reflects that he may have filed a
request for copies of his records with the trial court.  We also have no
authority to issue a writ of mandamus to compel a district court judge to rule
on matters related to post-conviction relief from a final conviction.  In re
McAfee, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding).

Accordingly, we dismiss relator’s petition for writ of
mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Sullivan.

Do Not
Publish — Tex. R. App. P. 47.2(b).