Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed October 28, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00948-CR

____________

 

IN RE jimmie
mark parrott, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relator Jimmie Mark Parrott filed a petition for writ of
mandamus in this court in which he complains that the Harris County District
Clerk has not provided him with confirmation of the filing or furnished copies
of his application for writ of habeas corpus and other documents necessary to
his claim for post-conviction relief from his final conviction.  See Parrott
v. State, No. 14-10-00160-CR (Tex. App.—Houston [14th Dist.] April 1, 2010,
no pet.) (not designated for publication).  He asserts that the Honorable
Belinda Hill, the presiding judge of the 230th District Court, has a
ministerial duty to compel the District Clerk to furnish him copies of
documents he filed with confirmation of their filing.

This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) writs necessary to enforce the court of appeals’ jurisdiction.  Tex.
Gov’t Code Ann. § 22.221. 

This court previously denied relator’s petition seeking to compel the
Harris County District Clerk to provide copies of documents that he filed.  See
In re Parrott , 2010 WL 3703674, No. 14-10-00869-CR (Tex. App.—Houston
[14th Dist.] Sept. 23, 2010, orig. proceeding) (not designated for publication). 
We have no jurisdiction to issue a writ of mandamus against a district clerk
unless necessary to enforce our jurisdiction.  See In re Washington, 7
S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  Only
the Texas Court of Criminal Appeals has jurisdiction over matters related to
post-conviction relief from a final felony conviction.  See Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex. 1991); see also Tex. Code
Crim. Proc. Ann. art. 11.07; Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App.
1995) (holding that article 11.07 provides the exclusive means to challenge a
final felony conviction).  Relator’s request relates to post-conviction relief
from an otherwise final felony conviction and does not affect our jurisdiction. 


Relator asks that we direct the trial court to compel
the District Clerk to furnish him copies.  We have no authority to issue a writ
of mandamus to compel a district court judge to act on matters related to
post-conviction relief from a final conviction.  In re McAfee, 53 S.W.3d
715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss relator’s petition for writ of
mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do Not
Publish — Tex. R. App. P. 47.2(b).