

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,928

**JOHN F. DEJEAN, Relator**

**v.**

**DISTRICT CLERK, DALLAS COUNTY, Respondent**

## ON APPLICATION FOR A WRIT OF MANDAMUS CAUSE
## NOS. W05-00958-K(A); W05-00949-K(A); W05-00944-K(A);W05-00937-(K)A
## IN CRIMINAL DISTRICT COURT NO. 4 FROM DALLAS COUNTY

*Per curiam.*

## OPINION

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed four 11.07 applications for writs of habeas corpus in the trial court on October 19, 2007. He alleges that more than 35 days have elapsed since the filing date and that timely orders designating issues have not been entered. He wants this Court to order the district clerk to forward his 11.07 applications.

On April 9, 2008, this Court held this application in abeyance and ordered the district clerk to respond because more than 35 days had elapsed since the alleged filing dates and this Court had no record of timely entered orders designating issues. In response to this Court's order, the district clerk forwarded copies of orders designating issues which had been entered on March 19, 2008. This Court has still not received these 11.07 applications for writs of habeas corpus and now grants this motion for leave to file an application for a writ of mandamus because the orders designating issues were untimely entered.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. *See* TEX. CODE CRIM. PROC. Art. 11.07, §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* Thus, the trial court has 35 days to enter an order designating issues after the filing date of an 11.07 application for a writ of habeas corpus. Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a *timely* entry of an order designating issues. *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)(emphasis added). Without a timely entry of an order designating issues, Article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues of fact require further resolution. Art. 11.07, §3(c).

In this case, Relator filed these applications for writs of habeas corpus in the trial court on October 19, 2007. The trial court entered order designating issues on March 19, 2008, which was more than 35 days after the filing date of these 11.07 applications. These untimely orders interfered with the district clerk's duty to transmit these applications to this Court and are therefore without effect. *See Martin v. Hamlin*, 25 S.W.3d 718, (Tex. Crim. App. 2000). The district clerk has no authority to continue to hold Relator's applications for writs of habeas corpus and is under a ministerial duty to immediately forward the applications and related records in cause nos. W05-00958-K(A), W05-00949K(A), W05-00944-K(A), and W05-00937-(K)A filed in Criminal District Court no. 4 of Dallas County to this Court.

We conditionally grant mandamus relief and direct the Respondent to comply with this opinion. The writ of mandamus will issue only in the event the Respondent fails to comply.

Filed: June 4, 2008
Publish