

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,460

**MICHAEL WAYNE BOHANNAN, Relator**

**v.**

**TARRANT COUNTY DISTRICT CLERK, Respondent**

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 0222921 & 0201732
### IN CRIMINAL DISTRICT COURT NUMBER ONE
### FROM TARRANT COUNTY

*Per curiam.*

### O P I N I O N

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed applications for a writ of habeas corpus in Criminal District Court Number One of Tarrant County, that more than 35 days have elapsed, and that the applications have not yet been forwarded to this Court.

On October 6, 2010, we held this mandamus application in abeyance and ordered the Tarrant

County District Clerk to respond. On November 8, 2010, we received a response from Paula Ford, a deputy district clerk, and copies of orders signed by the trial court and entered on September 1, 2010. These orders state that "Applicant's three grounds for relief are **DESIGNATED** pending disposition" of *Ex parte Bohannan*, AP-76,363 (filed and set for submission June 16, 2010).

"Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement." TEX. CODE CRIM. PROC. art. 11.07, § 3(c). If the trial court decides that there are unresolved facts, "it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved." TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If no such order is entered within these 20 days, the district clerk has a ministerial duty to forward an applicant's habeas application(s) to this Court. *Dejean v. Dallas County Dist. Clerk*, 259 S.W.3d 183, 184 (Tex. Crim. App. 2008).

The orders in Realtor's cases were entered within the allowable time period, but they did not designate issues of fact to be resolved. We believe that these orders are not authorized by § 3. Accordingly, we conditionally grant mandamus relief and direct Respondent, the Tarrant County District Clerk, to forward Relator's habeas applications to this Court. This writ of mandamus will issue only if Respondent fails to comply.

Filed: November 24, 2010
Do not publish