Petition for Writ of Mandamus Denied and
Memorandum Opinion filed September 15, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00762-CR

NO.
14-11-00763-CR

NO.
14-11-00764-CR



 

In Re RONALD A. NOEL,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS

263rd District
Court

Harris County,
Texas

Trial Court Cause No. 1302670



MEMORANDUM
 OPINION

On September 6, 2011, relator Ronald A. Noel filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221; see also Tex. R. App. P. 52.  In the petition, relator asks
this court to compel the Honorable Jim Wallace, presiding judge of the 263rd
District Court of Harris County to forward his application for writ of habeas corpus
to the Court of Criminal Appeals.

Upon receipt of an application for a writ of habeas
corpus challenging a final felony conviction, the attorney representing the
State has 15 days to respond.  See Tex. Code Crim. Proc. Art. 11.07, §
(b).  After expiration of the time allowed for the State to respond, the trial
court is permitted 20 days to determine whether the application contains
allegations of controverted and previously unresolved facts material to the
legality of an applicant’s confinement.  Id. art. 11.07, § 3(c).  If the
trial court determines that the application for writ of habeas corpus presents
such issues it “shall enter an order within 20 days of the expiration of the
time allowed for the state to reply, designating issues of fact to be resolved.”
 Id.  Thus, the trial court has 35 days to enter an order designating
issues after the filing date of an 11.07 application for a writ of habeas
corpus.  Article 11.07 does not authorize the trial court to extend the time
limitations imposed by the statute other than by a timely entry of an order
designating issues.  McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App.
1992).  Without a timely entry of an order designating issues, article 11.07
imposes a duty upon the clerk of the trial court to immediately transmit to the
Court of Criminal Appeals the record from the application for a writ of habeas corpus,
deeming the trial court’s inaction a finding that no issues of fact require
further resolution.  Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c).

In this case, relator has failed to establish when he
filed his application for writ of habeas corpus, whether the State responded,
or whether the trial court acted.  Even if relator established those facts, it
is not the trial court’s duty to forward the application for writ of habeas
corpus.  It is the district court clerk’s duty to forward such applications.  See
Dejean v. District Clerk, Dallas County, 259 S.W.3d 183, 183 (Tex. Crim.
App. 2008).  This court does not have mandamus jurisdiction over a district
clerk unless such is necessary to enforce this court's jurisdiction.  See In
re Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding) (mem. op.).  Because the trial court does not have a duty to
forward the application, relator has not established entitlement to the
extraordinary relief of a writ of mandamus.  Unlike the Court of Criminal
Appeals, which has broad constitutional power to issue writs of habeas corpus,
mandamus, prohibition, certiorari, or other extraordinary writ, this court has
more limited power. The  statutory general writ power of this court is limited
to “writ[s] of mandamus and all other writs necessary to enforce the jurisdiction
of the Court.” Compare Tex. Const. art. V, § 5(c) (writ power of Court
of Criminal Appeals), with Tex. Gov’t Code Ann. § 22.221(a) (writ power of
intermediate court of appeals).  Accordingly, we deny relator’s petition for
writ of mandamus 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).