

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00003-CR

_____

IN RE:
JAMIE LEE BLEDSOE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jamie Lee Bledsoe has petitioned this Court for mandamus relief, naming as respondents the Harrison County District Attorney, Joe Black, and the Harrison County District Clerk, Sherry "Griff."[1] No other respondents are effectively named or described.[2]

This Court has limited mandamus jurisdiction; we may issue a writ of mandamus only against a judge of a district or county court in our district. TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004). That jurisdiction does not extend to other parties, such as district attorneys or district clerks, unless such mandamus relief would be necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004); *see also In re Brown*, No. 06-10-00158-CR, 2010 Tex. App. LEXIS 7215 (Tex. App.—Texarkana Sept. 2, 2010, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182–83 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding).

---

[1]The style of Bledsoe's petition names Black as respondent; in the body of his petition, Bledsoe identifies both Black and Griff as respondents. We take judicial notice that (a) the former Harrison County District Clerk was Sherry Griffis, not "Griff", and (b) as of January 1, 2011, the Harrison County District Attorney is Coke Solomon and the Harrison County District Clerk is Melinda Craig.

[2]It appears that Bledsoe is complaining that he has "received no response from respondent regarding Relator's request for transmittal of a copy of the application for Judgment Nunc Pro tunc any answer filed or a certificate reciting the date it was filed." Although Bledsoe has attached to his petition a file-marked copy of the State's response to his application for judgment nunc pro tunc, the copy of the application for judgment nunc pro tunc he has presented to this Court is not file marked. In his prayer, Bledsoe asks (1) that we find an abuse of discretion in denying Bledsoe time credit; (2) that we order transmittal of a copy of Bledsoe's application for judgment nunc pro tunc, any answer filed to this Court, along with a "certificate reciting the date upon which that finding was made to the 6th Court of Appeals"; and (3) that we "inspect the nunc pro tunc," and "reevaluate the length of flat time afforded." Bledsoe goes on to ask we "update and correct the figures which are sent to the Department of Criminal Justice." Given that Bledsoe has provided a copy of his application for judgment nunc pro tunc and the State's response, at least two of the documents he seeks are in his possession. We are not clear what Bledsoe means by "certificate reciting the date upon which that finding was made to the 6th Court of Appeals."

Bledsoe has failed to show himself entitled to mandamus relief.[3] We find no circumstances presented which would make writs of mandamus issued against either the Harrison County District Attorney or the Harrison County District Clerk necessary to enforce our jurisdiction. Bledsoe has neither named nor described a respondent over whom we have mandamus jurisdiction, nor demonstrated an abuse of discretion regarding a ministerial duty.

We dismiss Bledsoe's petition for writ of mandamus for lack of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 20, 2011
Date Decided:       January 21, 2011

Do Not Publish

---

[3]The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that: (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Due to the nature of this remedy, it is Bledsoe's burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").