**In re Michael W. WASHINGTON, Relator.**

No. 01–99–00598–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1999.

Michael W. Washington, Gatesville, pro se.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

## MEMORANDUM OPINION

PER CURIAM.

Relator requests that this Court compel respondent, the Harris County District Clerk, to forward his notice of appeal in cause number 728175 to the appropriate court of appeals. In his pro se petition, relator states that "although the district clerk has acknowledged receipt of the notice of appeal, however, the district clerk. has failed to randomly assign and forward it to the appropriate court of appeals as is required by the Texas Rules of Appellate Procedure." Relator mailed a "Motion to Compel Court to Recognize Defendant's Request to Exercise Right of Appeal" to the Harris County District Clerk.[1] The document was filemarked; however, according to county records, it was never forwarded to a court of appeals and relator's conviction was never placed on appeal. We conditionally grant the writ.

We have jurisdiction to issue writs of mandamus against a district court judge or county court judge in our district, and we may issue all writs necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 1988), § 22.221(b) (Vernon Supp.1999). We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction. *See In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Summit Savings Ass'n v. Garcia*, 727 S.W.2d 106, 107 (Tex.App.—San Antonio 1987, orig. proceeding). The filing of a notice of appeal invokes the court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996); *see also Rhem v. State*, 820 S.W.2d 946, 947 (Tex.App.—Houston [1st Dist.]1991) (published order). A document is considered filed when delivered to the clerk for filing. *Rhem*, 820 S.W.2d at 947. The same rule is applied in civil cases. *See Biffle v. Morton Rubber Industries, Inc.* 785 S.W.2d 143, 144 (Tex.1990). Therefore, when a notice of appeal, timely or untimely, is delivered to the clerk for filing, any further determination concerning appellate jurisdiction must be made by the appellate court. We have jurisdiction to determine whether we have jurisdiction. *See Olivo*, 918 S.W.2d at 523. We hold that we have jurisdiction to issue a writ of mandamus against a district clerk for failure to forward to the appropriate court of appeals a notice of appeal delivered to him for filing because such is necessary to enforce our jurisdiction.

In order for mandamus to issue, the party seeking mandamus must show

---

1. Because there was no copy of the document attached to relator's pro se petition, we requested a copy from the District Clerk's office. Although it is not entitled "Notice of Appeal," we find that the document constitutes such notice because it "shows the party's desire to appeal from the judgment or other appealable order, . . . ." TEX.R.APP P. 25.2(b)(2).

that there is no other adequate remedy available and that the act sought to be mandated is ministerial. *Whitsitt v. Ramsay*, 719 S.W.2d 333, 335 (Tex.Crim.App. 1986) (original proceeding) (citing *Texas Bd. of Pardons and Paroles v. Miller*, 590 S.W.2d 142, 143 (Tex.Crim.App.1979)). In the *Whitsitt* case, the defendant-applicant had been convicted of hindering a secured creditor. When he filed a notice of appeal, the trial court directed the district clerk to "hold in abeyance any further preparation of the attempted appeal by the defendant." The district clerk filed the notice of appeal, but did not forward it to the court of appeals. The defendant filed an application for writ of mandamus to have the trial court's order set aside. The Court of Criminal Appeals held that there was no other adequate remedy, that vacating the order of the trial court would be a ministerial act, and that forwarding the notice of appeal was a mandatory, ministerial duty. The court then ordered the trial court to vacate its order to "hold" the notice of appeal so that the district clerk could comply with her duty. *Whitsitt*, 719 S.W.2d at 335.[2]

Relator has no other adequate remedy. The forwarding of a notice of appeal to the appropriate court of appeals by the clerk is a mandatory, ministerial duty. We therefore conditionally grant the writ. We assume that Charles Bacarisse, the Harris County District Clerk, will forward the notice of appeal to the appropriate court of appeals, in accordance with the Texas Rules of Appellate Procedure. If not, mandamus will issue.

It is so **ORDERED**.

---

**2.** *Whitsitt* interpreted former Texas Code of Criminal Procedure article 44.08(a), *repealed by* Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472, 2472–73. The provision concerning the forwarding of the notice of appeal to the court of appeals by the clerk was incorporated into Texas Rule of Appellate Procedure 40(b)(1) (*see* Tex.R.App. P. 40(b)(1), 49 Tex. B.J. 558 (Tex.Crim.App.1986)), and later into Rule 25.2(c) of the Texas Rules of Appellate Procedure (*see* Tex.R.App. P. 25.2(c)), all without substantive change.