NO. 07-04-0413-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 9, 2004


______________________________



In re GREGORIO SOTO, JR., 



 Relator

_________________________________



Original Proceeding


_________________________________


 


Before JOHNSON, CJ., and QUINN and CAMPBELL, JJ.

 Pending before this court is the petition of Gregorio Soto, Jr., for a writ of
mandamus. As we construe the document, he wishes us to order Greg Abbott (Texas
Attorney General), Ricky B. Smith (District Attorney of Garza County), and Jerry Hays
(District Clerk of Garza County) to provide him with copies of court records and unprivileged
documents so that he may seek a writ of habeas corpus. For the reasons which follow, we
deny the petition.

 First, rules of procedure obligate one seeking mandamus relief to accompany his
petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other
things, a "certified or sworn copy of . . . [the] document showing the matter complained of." 
In this case, the documents showing the matters complained of would at the very least be
copies of documents showing the relief that has been sought and a denial of the same. 
Although relator refers to exhibits attached to his petition, we find none and there is no
record before us. Thus, relator not only failed to comply with the rules of appellate
procedure regulating mandamus, but also denied us a record sufficient to enable us to
assess his complaints.

 Second, to the extent that relator wants us to order an entity other than a trial court
to act, we, as an appellate court, have jurisdiction to do so only when necessary to enforce
our jurisdiction over a pending appeal. In re Washington, 7 S.W.3d 181, 182 (Tex. App.--
Houston [1st Dist.] 1999, orig. proceeding). At bar, however, Soto fails to allege that any
such appeal pends. Nor have we found an appeal involving Soto pending on our docket. 
Furthermore, the Open Records Act, to which relator refers, does not grant original
jurisdiction to courts of appeal to issue writs of mandamus. Garner v. Gately, 909 S.W.2d
61, 62 (Tex. App.--Waco 1995, orig. proceeding). Thus, we have no jurisdiction over the
request for mandamus relief. 

 Third, and to the extent that relator seeks a declaratory judgment, nothing of record
illustrates that the request either was presented to a trial court or that a trial court refused
to act upon it. One asking for mandamus relief must first show that the trial court was
asked to do something and that it refused the request. O'Connor v. First Court of Appeals,
837 S.W.2d 94, 97 (Tex. 1992). 

 Accordingly, the petition for writ of mandamus is denied.


 Brian Quinn 

 Justice



-appointed or newly-retained attorney. 

 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental 

reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than July 9, 2007.


 Per Curiam





Do not publish.