Dismissed and Memorandum Opinion filed August 12, 2004









Dismissed and Memorandum Opinion filed August 12,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00601-CV

____________

 

ARCADE
COMEAUX, Appellant

 

V.

 

JENNIFER
RAGAN, ET AL., Appellees

 



 

On Appeal from the 278th District
Court 

Walker County,
Texas

Trial Court Cause No.
22,407

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from a judgment dismissing appellant=s suit signed May 13, 2004.  Appellant filed a motion to reinstate, which
the trial court denied.  Appellant=s notice of appeal was filed June 16,
2004.  No clerk=s record has been filed.  The clerk responsible for preparing the
record in this appeal informed the court appellant did not make arrangements to
pay for the record.  








On July 6, 2004, notification was transmitted to all parties
of this court=s intention to dismiss the appeal for
want of prosecution unless, within fifteen days, appellant paid or made
arrangements to pay for the record and provided this court with proof of
payment.  See Tex. R. App. P. 37.3(b).  On July 12, 2004, appellant filed an untimely
affidavit of indigence in this court.  On
July 15, 2004, appellant=s affidavit was struck as untimely, and his request for a
free record was denied.  On July 26,
2004, appellant filed a further response to the court=s dismissal notice in which he
asserts that he submitted an affidavit of inability to pay costs on June 28,
2004, but it was not forwarded to the district clerk=s office by personnel in the mail
room at the prison unit where he is incarcerated.[1]  

Texas Rule of Appellate Procedure 20.1(c) provides that A[a]n appellant must file the
affidavit of indigence in the trial court with or before the notice of
appeal.@ 
Tex. R. App. P. 20.1(c)
(emphasis added).  Appellant=s June 28, 2004 affidavit was
prepared and signed after the notice of appeal was filed and was
therefore untimely.  Accordingly, it is
immaterial that the affidavit was not forwarded to the district clerk.  Appellant=s subsequent affidavit was both
untimely and improperly filed in this court. 


When a party does not file a timely affidavit of indigence in
compliance with Texas Rule of Appellate Procedure 20.1, the party may not
proceed without the advance payment of costs. 
Tex. R. App. P. 20.1(a).  Appellant has not paid for preparation of the
clerk=s record on appeal.  If the clerk=s record is not filed because
appellant failed to pay or make arrangements to pay the clerk=s fee for preparation of the record,
we may dismiss the appeal for want of prosecution after giving appellant a
reasonable opportunity to cure.  See Tex. R. App. P. 37.3(b).  Appellant was afforded over thirty days to
arrange to pay the clerk=s fee after this court=s notice, but to date he has not provided
any proof that payment arrangements have been made.








Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed August 12, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore. 

 











[1]  Appellant also
complains that the district clerk prematurely filed his Aconditional@ notice
of appeal.  The Rules of Appellate
Procedure do not provide for the conditional filing of a notice of appeal.  The trial court clerk does not have
discretion to refuse to forward a notice of appeal to the court of
appeals.  The filing of a notice of
appeal invokes a court of appeals=
jurisdiction.  Tex. R. App. P. 25.1(a); 
In re Washington, 7 S.W.3d 181, 182 (Tex. App.CHouston [1st Dist.] 1999, orig. proceeding).  A document is considered filed when delivered
to the clerk for filing.  Id.  Therefore, when a notice of appeal is
delivered to the clerk, any further determination concerning appellate
jurisdiction must be made by the appellate court.  Id.