In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00191-CR


______________________________




TOMMIE LOYD PRATER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


 Fannin County, Texas


Trial Court No. 21979




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Tommie Loyd Prater appeals from his conviction by a jury for sexual assault of a child with
A.C.P. The jury assessed his punishment at twenty years' imprisonment and a $10,000.00 fine. 
Prater presently has seven other convictions currently on appeal before this Court. (1)

 On appeal, Prater contends the trial court erred in allowing the introduction of hearsay
statements through the testimony of Judith Hart, a nurse who examined A.C.P. during her initial
hospital visit. Prater argues that her testimony and records were inadmissible because they were
hearsay, not made admissible under a medical exception, and that the outcry exception did not apply
because Hart was not the outcry witness.

 We addressed this issue in detail in our opinion of this date on Prater's appeal in cause
number 06-07-00187-CR. For the reasons stated therein, we likewise conclude error has not been
shown.



 We affirm the judgment. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 8, 2008

Date Decided: September 15, 2008


Do Not Publish




1. Prater appeals from eight convictions. In cause number 06-07-00187-CR, he appeals from
his conviction of indecency with a child (A.C.P.) by sexual contact; in cause numbers 06-07-00188-CR through 06-07-00192-CR, he appeals his convictions of sexual assault of a child (A.C.P.). In
each of these cases, Prater was sentenced to twenty years' imprisonment, to run consecutively, and
$10,000.00 fines.

 Prater appeals his conviction in cause number 06-07-00193-CR of indecency with a child
(J.A.P.) by sexual contact. Prater was sentenced in this case to twenty years' imprisonment, to run
consecutively, and a $10,000.00 fine.

 Prater also appeals his conviction in cause number 06-07-00194-CR of aggravated sexual
assault of a child (T.L.P.). He was sentenced to life imprisonment, to run consecutively, and a
$10,000.00 fine.


 from this Court a writ of mandamus directing Davis to vacate the May 15 order
denying the motions to quash and for protective orders. To support their contention that Davis
abused his discretion, Relators rely heavily on Crown Central Petroleum Corp. v. Garcia, 904
S.W.2d 125 (Tex. 1995), and In re Alcatel USA, Inc., 11 S.W.3d 173 (Tex. 2000). Relators maintain
that Plaintiff failed to carry the burden that was shifted to him on the filing of the motions for
protective orders, and the executives' affidavits filed with the motions.

(2) Davis' Role in this Litigation

 Relators identify Davis as an "assigned judge" and treat Davis' order as the order of the trial
court. We believe this to be an improper characterization and one inconsistent with the law and the
facts of this case. The trial court appointed Davis as "special master," specifically citing to the rule
of civil procedure concerning special masters. See Tex. R. Civ. P. 171. The trial court's order
appointing Davis as special master states as follows: 

 The Special Master's ruling and orders shall not be appealable by the aforementioned
parties to this Court, but shall be appealable as any other orders of this court pursuant
to the Texas Rules of Civil Procedure. This Court will promptly enter an order or
rulings in accordance with the rulings and/or recommendation of the Special Master.


We find no order confirming the special master's discovery "order" or recommendations, however. (5) 
And Relators clearly seek mandamus relief only from the special master's ruling. So, before we get
to the merits of Relators' contentions, we first must decide whether we have the authority to issue
a writ of mandamus against a special master appointed pursuant to Rule 171 of the Texas Rules of
Civil Procedure.


(3) Our Authority to Issue Writs

 Each court of appeals for a court of appeals district may issue all writs of mandamus,
agreeable to the principles of law regulating those writs, against a:


 (1) judge of a district or county court in the court of appeals district; or


 (2) judge of a district court who is acting as a magistrate at a court of inquiry under
Chapter 52, Code of Criminal Procedure, in the court of appeals district.


Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004). We lack jurisdiction to issue a writ against a
person whose capacity is not listed in Section 22.221. (6) See In re Jon, 97 S.W.3d 870, 871 (Tex.
App.--Texarkana 2003, orig. proceeding).

(4) Writ Unavailable Against Special Master, Not Sought Against Trial Court

 Clearly, a special master is not one of the officers listed in Section 22.221 of the Texas
Government Code, against whom we may issue a writ of mandamus.

 In re Alcatel is a case which appears to deal with the recommendations of a special master
in the context of mandamus relief. 11 S.W.3d at 175. The important distinction between Alcatel
and the instant case, though, is that the trial court in Alcatel reviewed and affirmed the special
master's report or order, and the writ of mandamus was sought against the trial court based on the
order it signed after reviewing the special master's report or order. See id. Here, the record does

not reflect such an order from the trial court. The order at issue here comes from and is signed by
the special master only.

 Relators seek a writ of mandamus against Davis, identifying him as an assigned judge, a role
distinct from his appointed role as special master. See Tex. Gov't Code Ann. § 74.056 (Vernon
2005) (relating to assignment of judges by presiding judge of administrative region). Clearly, here,
Davis is not in the role of an assigned judge. (7) He stands in the role of a special master and, as such,
is not one against whom we can issue a writ of mandamus. 

 Since the trial court has not entered an order affirming or otherwise reviewing the special
master's rulings and/or recommendations, we have nothing to review which would authorize us to
issue a writ of mandamus against the trial court on this petition. Relators do not seek such. Nor
have they argued that the trial court's order appointing Davis as special master constitutes a blanket
order affirming in advance any report or recommendations from the special master. (8) We have not
been requested to issue a writ of mandamus against the district court, nor could we without having
any action by the trial court to review.

 Due to our lack of jurisdiction, we deny Relators' petition for writ of mandamus.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 13, 2009

Date Decided: July 14, 2009


1. Relators are Gladewater Healthcare Center, in its Assumed or Common Name; Nexion
Health at Gladewater, Inc.; Nexion Health, Inc.; Nexion Health Management, Inc.; Nexion Health
at Texas, Inc.; Nexion Health Leasing, Inc.; Nexion Health Realty, Inc.; Darlene Maloney,
Individually; Bruce Henshaw, Individually; and Donna Albright, Individually.
2. The underlying case is docketed under trial court cause number 545-03 and is styled David
Richardson, Individually, as the Representative for All Wrongful Death Beneficiaries, and as an Heir
at Law and the Representative of the Estate of John Richardson, Deceased v. Gladewater Healthcare
Center, in its Assumed or Common Name; Nexion Health at Gladewater, Inc.; Nexion Health, Inc.;
Nexion Health Management, Inc.; Nexion Health at Texas, Inc.; Nexion Health Leasing, Inc.; Nexion
Health Realty, Inc.; Darlene Maloney, Individually; Bruce Henshaw, Individually; and Donna
Albright, Individually.
3. Kirley is identified as president and CEO of Nexion Health, Inc., Bolt is identified as
executive vice president and CFO of Nexion Health, Inc., and Riner is identified as senior vice
president of operations for Nexion Health, Inc. 
4. Excerpts of Clark's August 29, 2008, deposition were attached as exhibits to Plaintiff's
response to Relators' motions to quash and for protective orders.
5. Though we are not called on to decide whether the trial court's order of reference is in any
way objectionable under Rule 171 of the Texas Rules of Civil Procedure, we note that the order
contains suspect language that may be interpreted to forego the trial court's review of the special
master's recommendations. Rule 171 contemplates the trial court's review of the special master's
report:


 The order of references to the master may specify or limit his powers, and may direct
him to report only upon particular issues, or to do or perform particular acts, or to
receive and report evidence only and may fix the time and place for beginning and
closing the hearings, and for the filing of the master's report. Subject to the
limitations and specifications stated in the order, the master has and shall exercise the
power to regulate all proceedings in every hearing before him and to do all acts and
take all measures necessary or proper for the efficient performance of his duties under
the order.

 . . . .

 The court may confirm, modify, correct, reject, reverse or recommit the report, after
it is filed, as the court may deem proper and necessary in the particular circumstances
of the case.


Tex. R. Civ. P. 171. The special master's report is to be subject to the trial court's review. See
Hebisen v. Clear Creek Indep. Sch. Dist., 217 S.W.3d 527, 535 (Tex. App.--Houston [14th Dist.]
2006, no pet.) (citing legislative concern as expressed in Tex. House Judicial Affairs Comm.,
Interim Report: Parajudicial Personnel, 67th Leg., at 20 (1980) that special masters "must
never become independent of the judges they serve"); see generally Simpson v. Canales, 806 S.W.2d
802, 811-12 (Tex. 1991).
6. We add that we may issue all writs necessary to enforce our jurisdiction even against a
person whose capacity is not listed in Section 22.221. See Tex. Gov't Code Ann. § 22.221(a)
(Vernon 2004); In re Washington, 7 S.W.3d 181, 183 (Tex. App.--Houston [1st Dist.] 1999, orig.
proceeding). Relators do not contend that a writ of mandamus against the special master, here, is
a writ of mandamus necessary to enforce our jurisdiction. 
7. In their petition, Relators claim that we have jurisdiction because they seek "relief from an
order issued by a district judge in the Court of Appeals district." The only order of the trial court is
that order of reference to the special master, and we see no elements of that order being attacked by
Relators. The order being attacked is the order of the special master concerning the depositions. 
Relators are reminded of their duty to this Court to be accurate in their recitation of facts.
8. We do not endorse such an argument or pass on the merits of such a contention. We only
mention the possible argument to point out that Relators have limited their petition to seeking a writ
of mandamus against Davis rather than the trial court that appointed Davis as special master.