NO. 07-10-0040-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 3, 2010
_____

In re CLIFFORD J. FAIRFAX,

Relator
_____

***ON PETITION FOR WRIT OF MANDAMUS***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the petition for writ of mandamus filed by Clifford J. Fairfax. He asks us to order Rick Thaler, director, "Texas Department of Criminal Justice – Correctional Division" to "release [his] personal legal materials . . . so [he] . . . can continue to proceed pro se" in prosecuting his appeal. We deny the petition for the following reasons.

First, the document does not comport with the requirements of Texas Rule of Appellate Procedure 52. For instance, appellant did not certify that he reviewed the petition and concluded that every factual allegation mentioned in it was supported by competent evidence included in the appendix. TEX. R. APP. P. 52.3(j) (so requiring). Nor did he attach an appendix per Rule 52.3(j). Similarly neglected is compliance with subparagraphs a, b, c, d, f, and h of Rule 52.3.

Second, we cannot normally issue a writ of mandamus against anyone other than a judge. TEX. GOV'T CODE ANN. §22.221 (Vernon 2004). There exists an exception to that limitation, however. It encompasses instances wherein mandamus is necessary to protect our appellate jurisdiction. *In re Washington,* 7 S.W.3d 181, 182 (Tex. App.– Houston [1st Dist.] 1999, no pet.). But, before it can be said that we are protecting our appellate jurisdiction, there must be an appeal pending wherein the relator is a party. *Id.* Logic would further suggest that the act being made the subject of mandamus relief must directly interfere with the progress of that appeal. And, while Fairfax states that he has an appeal pending, he describes neither the nature of the "legal materials" allegedly taken by Thaler or how their absence impedes the prosecution of his appeal. Thus, he has failed to show that we have jurisdiction over his request for relief.

Accordingly, the petition for mandamus is denied.


Brian Quinn
Chief Justice