Petition for Writ of Mandamus Dismissed and
Memorandum Opinion filed April 27, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00334-CR



 

In Re JOSEPH BONNER, Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On April 13, 2010, relator, Joseph Bonner, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann. §
22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator states that he has been trying to purchase the trial record related to
his conviction for aggravated robbery.[1] 
Relator claims his mother has attempted to obtain the record in person from the
Harris County District Clerk’s Office, but was told the “Documents” did not
exist.  In response to relator’s written request for the record, the Harris
County District Clerk’s Office cited Section 552.028 of the Texas Government
Code.[2] 
Relator requests that we compel Loren Jackson, Harris County District Clerk, to
make the trial record available to him or his family.  

A court of appeals has no general writ power over a
person—other than a judge of a district or county court—unless issuance of the
writ is necessary to enforce the court’s jurisdiction.  See Tex. Gov’t
Code Ann. § 22.221.  A court of appeals has no jurisdiction to issue a writ of
mandamus against a district clerk unless necessary to enforce its
jurisdiction.  In re Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston
[1st Dist.] 1999, orig. proceeding).  Relator has not shown that a writ of
mandamus directed to the district clerk is necessary to enforce our
jurisdiction.  Therefore, we do not have jurisdiction to issue a writ of
mandamus against the district clerk.  

Accordingly, relator’s petition for writ of mandamus is
dismissed for lack of jurisdiction.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish—Tex. R. App. P. 47.2(b).  









[1] This
court affirmed relator’s conviction for aggravated robbery.  See Bonner v.
State, No. 14-04-00797-CR, 2005 WL 3435417 (Tex. App.—Houston [14th Dist.]
Dec. 15, 2005, pet. ref’d) (not designated for publication).





[2] The
portion of section 552.028 cited by the clerk’s office provides with regard to
a request for information from an incarcerated individual:

(a) A governmental body is
not required to accept or comply with a request for information from:

            (1) an individual
who is imprisoned or confined in a correctional facility; or

            (2) an agent of
that individual, other than that individual's attorney when the attorney is
requesting information that is subject to disclosure under this chapter.

Tex. Gov’t Code Ann. § 552.028 (Vernon 2004).