Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed October 28, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01014-CR

____________

 

IN RE WARREN P. CANADY, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relator Warren P. Canady asserts that he is confined in
Harris County Jail pursuant to a felony indictment for credit card abuse.  On October
19, 2010, relator filed a petition for writ of mandamus in this court in which
he complains that the Harris County District Clerk, Loren Jackson refused to
file his application for pre-trial writ of habeas corpus and refused to permit
him to inspect and copy the master grand jury list.  

This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) writs necessary to enforce the court of appeals’ jurisdiction.  Tex.
Gov’t Code § 22.221. 

We have no jurisdiction to issue a writ of mandamus against a
district clerk unless necessary to enforce our jurisdiction.  See In re
Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding).  This court has no original jurisdiction in criminal habeas
proceedings.  See Tex. Gov’t Code § 22.221(d) (“[T]he court of appeals
of a court of appeals district in which a person is restrained in his liberty .
. . may issue a writ of habeas corpus when it appears that the restraint of
liberty is by virtue of an order, process, or commitment issued by a court or
judge because of the violation of an order, judgment, or decree previously
made, rendered, or entered by the court or judge in a civil case.”) (emphasis
added); see also Tex. Code Crim. Proc. Ann. art. 11.05 (stating that
Court of Criminal Appeals, district courts and county courts have power to
issue writs of habeas corpus in criminal cases).  Therefore, issuance of the
writ is not necessary to enforce our jurisdiction.

Accordingly, we dismiss relator’s petition for writ of
mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Frost.

Do Not
Publish — Tex. R. App. P. 47.2(b).