Opinion issued April 7, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-001057-CR

———————————

IN RE PATRICIA
PRAKER, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, Patricia Praker, pleaded guilty to the offense of felony
murder.  Pursuant to a plea bargain with
the State, the trial court deferred adjudication of guilt and placed relator on
community supervision for a term of 10 years. 
Subsequently, on the State’s motion, the trial court adjudicated relator
guilty of felony murder and assessed punishment at confinement for 30 years and
a $2,000 fine.  Relator’s conviction was affirmed
on appeal. See Praker v. State, No.
01-06-00330-CR, 2007 WL 1166381, at *3 (Tex. App.—Houston [1st Dist.] Apr. 19,
2007, no pet.).  

On January 11, 2011, the trial court denied relator’s motions
for Chapter 64 DNA testing and for “discovery and inspection.”  Relator did not file a notice of appeal.  Relator has filed a petition for writ of
mandamus, asking this court to compel the respondents to provide her with
copies of “all records, transcripts, motions, affidavits and reports,
investigations, statements and [the] plea” in the underlying case.  Relator’s petition named the following as respondents:
Attorney General Greg Abbott; Harris County District Attorney Patricia Lycos,
and three other attorneys in her office; former Director of the Texas
Department of Criminal Justice Nathanich Quarterman; and former Harris County
Sheriff Tommy Thomas.

We deny the petition for writ of mandamus.

Texas Government Code section 22.221(b) provides, in
pertinent part, that a court of appeals may issue a writ of mandamus against a
“judge of a district or county court in the court of appeals district.” Tex. Gov’t Code Ann. § 22.221(b)
(Vernon 2004).  In addition, the court
may issue a writ of mandamus to enforce its jurisdiction.  Id.
§ 22.221(a). 

We do not have mandamus jurisdiction against the Texas
Attorney General, a district attorney, a prison administrator, or a sheriff,
unless necessary to enforce our jurisdiction. 
See id.; see also In re Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston
[1st Dist.] 1999, orig. proceeding).  Relator
has not demonstrated, and we do not conclude, that the requested relief is
necessary to enforce our jurisdiction. 

Accordingly,
we deny the petition for writ of mandamus. 
We dismiss any pending motions as moot. 


PER CURIAM

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).