Opinion issued May 19, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00003-CV

———————————

IN RE Jerry Simmons, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus 



 



 

MEMORANDUM OPINION

          By petition for writ of mandamus,
relator, Jerry Simmons, complains that he has not been provided a copy of the
final divorce decree in the underlying case.[1]  

Relator’s petition names the Honorable Loren Jackson, former
Harris County District Clerk, as respondent in this mandamus proceeding.  The Honorable Chris Daniel is now the Harris
County District Clerk.  “When a public
officer is a party in an official capacity to an appeal or original proceeding,
and if that person ceases to hold office before the appeal or original
proceeding is finally disposed of, the public officer’s successor is
automatically substituted as a party if appropriate.”  Tex.
R. App. P. 7.2(a).  Thus, we substitute
Chris Daniel for Loren Jackson as respondent. 
Id.  

We acknowledge that, pursuant to Texas Rule of Appellate
Procedure 7.2(b), this Court should abate an original proceeding in which one
public officer is substituted for another as a party in order to “allow the
successor to reconsider the original party’s decision.”  Tex. R. App. P. 7.2(b).  But we conclude that abatement is not
required here.  Relator’s petition will
not support mandamus relief against any respondent because it does not comply
with the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 9.5(a) (requiring relator to serve copy of
petition on all parties to proceeding); Tex.
R. App. P. 52.7(a) (requiring relator to file certified or sworn copy of
documents material to claim for relief). 


          Even had relator properly filed his
petition, this Court could not grant the relief relator seeks.  Our mandamus jurisdiction is governed by the
Texas Government Code.  Section 22.221
expressly limits the mandamus jurisdiction of the courts of appeals to (1)
writs necessary to enforce the jurisdiction of the court of appeals and (2)
writs against specified district or county court judges in the court of appeals
district.  Tex. Gov’t Code Ann. §§ 22.221(a)–(b) (Vernon 2004).

          We have no jurisdiction to issue a
writ of mandamus against a district clerk unless necessary to enforce our
jurisdiction.  See id. § 22.221(a); see also
In re Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999,
orig. proceeding) (“We have no jurisdiction to issue a writ of mandamus against
a district clerk unless such is necessary to enforce our jurisdiction.”).  Relator’s petition does not raise an issue
regarding the need to protect, or a threat to, our jurisdiction. 

          Accordingly, we deny
relator’s petition for writ of mandamus. 


PER CURIAM

 

Panel
consists of Justices Keyes, Sharp, and Massengale.

 











[1]           The underlying case is Jerry Simmons v. Velda Rogers, No.
2010-22507, in the 308th District Court of Harris County, Texas.