

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00192-CV

IN RE JEFFREY K. BROOKS                                   RELATOR

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

Relator Jeffrey K. Brooks seeks a writ of mandamus to compel a district clerk to transmit copies of his two applications for writ of habeas corpus, any answers, the convicting court's findings, and any related filings to the Texas Court of Criminal Appeals in accordance with article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c) (West Supp. 2010). An appellate court has no authority to issue a writ of mandamus against a district clerk unless the clerk is interfering with the court's jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (providing that court of appeals may only issue writ of mandamus against district and county judges or as

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

necessary to enforce jurisdiction of appellate court); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). An appellate court does not have jurisdiction over matters related to article 11.07 applications for writs of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5; *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals."). Thus, relator does not raise a complaint that the district clerk is interfering with this court's jurisdiction, and we dismiss relator's petition for writ of mandamus for want of jurisdiction.

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED: June 15, 2011