Petition for Writ of Mandamus
Dismissed and Memorandum Opinion filed July 14, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00567-CR

NO. 14-11-00568-CR

NO. 14-11-00569-CR

 

____________

 

IN RE JOSEPH LARRY PORTER, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

232nd District Court

Harris County, Texas

Trial Court Nos. 789696, 789697, & 794905

 

 

 



M E M O R
A N D U M  O P I N I O N

            On
June 30, 2011, relator, Joseph Larry Porter, filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code §22.221; see also
Tex. R. App. P. 52.1.  In his petition, Porter asks that we direct the respondent,
Harris County District Attorney Patricia R. Lykos, to produce evidence
requested in a motion for discovery filed April 25, 2011, in cause numbers
789696, 789697, and 794905, in which he was convicted of two charges of
aggravated robbery and one charge of aggravated sexual assault.  This court
affirmed his convictions in 2001.  See Porter v. State, Nos.
14-99-00844-CR, 14-99-00845-CR, and 14-99-00846-CR, 2001 WL 777600 (Tex.
App.—Houston [14th Dist.] July 12, 2001, pet. ref'd) (not designated for
publication).

            This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to: (1) writs against a district
court judge or county court judge in the court of appeals’ district, and (2)
all writs necessary to enforce the court of appeals’ jurisdiction.  Tex. Gov’t
Code § 22.221.  

            This
limited jurisdiction does not extend to parties other than judges of district
and county courts, such as district attorneys or district clerks, unless
mandamus relief is necessary to enforce our jurisdiction.  See In re
Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding) (mem. op.); Garner v. Gately, 909 S.W.2d 61, 62 (Tex. App.—Waco
1995, orig. proceeding).  We have no pending matter over which it is necessary
to enforce our jurisdiction.  Therefore, we lack jurisdiction to grant the
requested relief.  See Tex. Gov’t Code § 22.221.

            Accordingly, the petition for writ of mandamus is ordered
dismissed.

 

PER CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).