**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed April 10, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00295-CR

———————

## IN RE TOMMY LYNN HAYES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court No. 1157419-A**

---

## M E M O R A N D U M   O P I N I O N

On March 30, 2012, relator, Tommy Lynn Hayes, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52.1. In his petition, realtor asks that we direct Chris Daniel, the Harris County District Clerk, to transmit a copy of his post-conviction application for writ of habeas corpus to the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the

court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code § 22.221.

This court does not have mandamus jurisdiction over a district clerk unless it is necessary to enforce our jurisdiction. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). We have no jurisdiction over post-conviction applications for habeas corpus relief from final felony convictions. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (holding that intermediate appellate court improperly granted mandamus relief because court of criminal appeals is "the only court with jurisdiction in final post-conviction felony proceedings"). Because relator's petition for writ of mandamus is directed toward the Harris County District Clerk and is not necessary to enforce this court's jurisdiction, we lack jurisdiction to grant the requested relief. *See* Tex. Gov't Code § 22.221(b)(1).

Accordingly, the petition for writ of mandamus is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.
Do Not Publish – Tex. R. App. P. 47.2(b).