

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| | | No. 08-15-00192-CR |
| | § | |
| IN RE: JOHNNY GREEN, JR., | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator, Johnny Green, has filed a petition for writ of mandamus against the Honorable Scott Wisch, Judge of the 372nd District Court of Tarrant County, Texas. Relator seeks an order compelling Respondent to unseal one volume of the reporter's record which contains the jurors' confidential information. We dismiss the mandamus petition for lack of jurisdiction.

To obtain mandamus relief, Relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id*. § 22.221(a). Thus, we may issue a writ of mandamus to a district judge outside of our district if he or she interferes with the court's jurisdiction. *See id*. at § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.--

Houston [1st Dist.] 1999, orig. proceeding).

The underlying appeal, cause number 08-11-00317-CR, was transferred from the Second Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We affirmed Relator's direct appeal from his murder conviction by opinion and judgment issued on November 22, 2013, and we issued our mandate on February 26, 2014. *See Johnny Green v. State*, 08-11-00317-CR, 2013 WL 6175127 (Tex.App.--El Paso Nov. 22, 2013, pet. ref'd). On January 28, 2015, the Court of Criminal Appeals granted habeas corpus relief and ordered that Relator would be permitted to file an out-of-time petition for discretionary review. *See Ex parte Johnny Green*, No. WR-62,574-03 (Tex.Crim.App. Jan. 28, 2015). Relator filed his petition and the Court of Criminal Appeals refused it on June 17, 2015. Given that Relator's appeal is no longer pending before us, Relator cannot show that Respondent has interfered with our appellate jurisdiction. Consequently, we do not have jurisdiction to grant the requested relief. The petition for writ of mandamus is dismissed for lack of jurisdiction.

July 8, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)