# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00550-CV

**In re Herman Lee Kindred**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Herman Lee Kindred, an inmate proceeding pro se, has filed with this Court what appears to be, in substance, a petition for writ of mandamus. In it, Kindred asks us to direct the judge or the clerk of the County Court at Law No. 2 of Bell County to provide Kindred with "confirmation of proper filing" of his applications for writ of habeas corpus and related documents, which he claims to have filed in the trial court below.[1] This Court has no jurisdiction to issue a

---

[1] Although Kindred has not provided this Court with copies of his habeas-corpus applications, he is apparently challenging the legality of his prior misdemeanor convictions from the 1980s, which have been used to enhance the sentences that he has received in subsequent criminal proceedings. *See, e.g.*, *Kindred v. State*, No. 13-13-00526-CR, 2015 Tex. App. LEXIS 1072, at *1 (Tex. App.—Corpus Christi Feb. 5, 2015, no pet.) (mem. op., not designated for publication); *Kindred v. State*, No. 10-10-00380-CR, 2011 Tex. App. LEXIS 7672, at *1, *14-16 (Tex. App.—Waco Sept. 21, 2011, no pet.) (mem. op., not designated for publication). Kindred has, on prior occasions, sought mandamus relief from this Court when, in his view, the trial court has failed to act on these and similar habeas-corpus applications. This Court has repeatedly denied relief. *See In re Kindred*, No. 03-16-00481-CV, 2016 Tex. App. LEXIS 7908 (Tex. App.—Austin July 26, 2016, orig. proceeding); *In re Kindred*, No. 03-16-00423-CV, 2016 Tex. App. LEXIS 7099, at *3 (Tex. App.—Austin July 7, 2016, orig. proceeding); *see also Kindred v. State*, No. 03-16-00163-CR, 2016 Tex. App. LEXIS 3399 (Tex. App.—Austin Apr. 1, 2016, no pet.); *Kindred v. State*, No. 03-15-00776-CR, 2016 Tex. App. LEXIS 343 (Tex. App.—Austin Jan. 14, 2016, no pet.).

writ of mandamus against a trial-court clerk unless necessary to enforce our jurisdiction, and our jurisdiction is not implicated here.[2]  To the extent Kindred is seeking to compel the trial court itself to provide him with "confirmation of proper filing" of his applications and related documents, the trial court has no ministerial duty to do so.[3]  For these and other reasons, the petition for writ of mandamus is denied.[4]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Filed:   August 30, 2016

---

[2] *See* Tex. Gov't Code § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

[3] *See, e.g.*, *In re Allen*, No. 07-11-00048-CV, 2011 Tex. App. LEXIS 761, at *1 (Tex. App.—Amarillo Feb. 2, 2011, orig. proceeding) (observing that there is "no authority obligating a district court to perform the purported duties of a district clerk, such as mailing pleadings to the litigants in a pending action").

[4] *See* Tex. R. App. P. 52.8(a).