**Opinion issued April 7, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00058-CR

———————————

## IN RE KELVIN JONES, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Kelvin Jones, incarcerated and proceeding pro se, has filed a petition for a writ of mandamus, seeking to compel the Grimes County District Clerk to file and transmit his motion for "Complaint for Official Oppression with Memorandum In Support; Affidavit; and Complaint/Affidavit for Arrest Warrant" to the trial

court.[1]  Relator asserts that the district clerk has not complied with the clerk's duties under article 2.21 of the Texas Code of Criminal Procedure.[2]

This Court's mandamus jurisdiction is limited to writs of mandamus against certain judges within its district and all writs necessary to enforce the Court's jurisdiction.  *See* TEX. GOV'T CODE § 22.221.  Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction.  *See id.*; *In re Wilkerson*, No. 05-16-00322-CV, 2016 WL 1320815, at *1 (Tex. App.—Dallas Apr. 5, 2016, orig. proceeding) (mem. op.); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  Because relator's petition does not reflect that issuance of a writ is necessary to enforce our jurisdiction, we do not have jurisdiction to issue a writ of mandamus against the district clerk.  *See In re Washington*, 7 S.W.3d at 182.

Accordingly, we dismiss the petition for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelley and Goodman.
Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]  The underlying case is *State of Texas v. Kelvin Jones*, cause number F11-45815-P, pending in the 12th District Court of Grimes County, Texas, the Honorable Donald L. Kraemer presiding.

[2]  *See* TEX. CODE CRIM. PROC. art. 2.21(a)(1), (6).