**Opinion issued April 14, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00166-CR

## NO. 01-20-00167-CR

———————————

## IN RE DANIEL LEE HARRISON, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Daniel Lee Harrison, incarcerated and proceeding pro se, has filed a petition for a writ of mandamus, seeking to compel the Harris County District Clerk to transmit his application for writ of habeas corpus and other documents to the Court

of Criminal Appeals.[1] Relator asserts that the district clerk has not complied with the clerk's duties under articles 2.21 and 11.07 of the Texas Code of Criminal Procedure.[2]

This Court's mandamus jurisdiction is limited to writs of mandamus against certain judges within its district and all writs necessary to enforce the Court's jurisdiction. *See* TEX. GOV'T CODE § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See id.*; *In re Wilkerson*, No. 05-16-00322-CV, 2016 WL 1320815, at *1 (Tex. App.—Dallas Apr. 5, 2016, orig. proceeding) (mem. op.); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Because relator's petition does not reflect that issuance of a writ is necessary to enforce our jurisdiction, we do not have jurisdiction to issue a writ of mandamus against the district clerk. *See In re Washington*, 7 S.W.3d at 182.

Accordingly, we dismiss the petition for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.
Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] The underlying case is *State of Texas v. Daniel Lee Harrison*, cause numbers 1369904 & 1370009, pending in the 178th District Court of Harris County, Texas, the Honorable Kelli Johnson, presiding.

[2] *See* TEX. CODE CRIM. PROC. art. 2.21(a)(1), (6).