**Petitions for Writs of Mandamus Dismissed and Majority and Concurring Memorandum Opinions filed September 15, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00383-CR
NO. 14-20-00384-CR

**IN RE DMITRY KRUGLOV, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court No. 3**
**Galveston County, Texas**
**Trial Court Cause Nos. MD-0368264 & MD-0368265**

## MAJORITY MEMORANDUM OPINION

On June 2, 2020, relator Dmitry Kruglov filed petitions for writs of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the

petitions, relator asks this court to compel the Galveston County Clerk to forward his notices of appeal to the court of appeals.[1]

On October 3, 2019, the trial judge signed the orders denying relator's motions to vacate the judgments and to set a hearing for ineffective assistance of counsel. Kruglov purportedly filed notices of appeal and applications to proceed without the payment of fees. According to relator, "a supervisor clerk" said no action would be forthcoming because she did not know how to handle misdemeanor appeals.

To be entitled to mandamus relief on the merits, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks and (2) a clear right to the relief sought. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

Ordinarily, this court does not have jurisdiction to issue a writ of mandamus against a county clerk. *See* Tex. Gov't Code Ann. § 22.221(b) (listing parties over whom court of appeals has mandamus jurisdiction). However, we have jurisdiction to grant mandamus relief when a clerk fails to forward a notice of appeal to the court of appeals because issuance of the writ is necessary to enforce our jurisdiction. *See id.* § 22.221(a) (providing that "each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court"); *In re Smith*, 263 S.W.3d 93, 94–96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (holding court of appeals had jurisdiction to grant requested mandamus relief against district clerk, who refused to file and forward

---

[1] Relator named County Court No. 3 as the respondent. The actions relator complains of are the "County Court clerk['s]" failure to forward the notices of appeal to the court of appeals. Therefore, the respondent is the Galveston County Clerk.

notice of appeal to court of appeals); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (same). A clerk has a mandatory, ministerial duty to forward a notice of appeal to the court of appeals. *See Smith*, 263 S.W.3d at 95–96; *Washington*, 7 S.W.3d at 183.

Relator has certified that he "has reviewed the petition[s] and concluded that every factual statement in the petition[s] is supported by competent evidence included in the appendix or record." *See* Tex. R. App. P. 52.3(j). However, relator's petitions are deficient on procedural grounds resulting in there being no evidence properly before this court. Relator has not provided "a sworn or certified copy of any order complained of, or any other document showing the matter complained of," or "a certified or sworn copy of every document that is material to the relator's claim[s] for relief and that was filed in any underlying proceeding." *Id.* 52.3(k)(1) (appendix), 52.7(a)(1) (record).[2] Nor has relator provided "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits

---

[2] The legislature has provided an alternate method of meeting the requirement of sworn copies—an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001. An unsworn declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. *Id.* § 132.001(c). Section 132.001(d) sets forth the jurat relator may use in an unsworn declaration:

My name is, _____ _____ _____
                       (First)                  (Middle)             (Last)
my date of birth is _____, and my address is
_____, _____, _____, _____
         (Street)           (City)          (State)       (Zip Code)
and _____ I declare under penalty of
                    (Country)
perjury that the foregoing is true and correct.
    Executed in _____ County, State of _____
on the _____ day of _____, _____
                     (Month)              (Year)

                                  _____
                                           Declarant

*Id.* 132.001(d) (jurat for individual who is neither (1) inmate nor (2) employee of state agency or political subdivision in performance of employee's job duties).

3

offered in evidence, or a statement that no testimony was adduced in connection with the matter[s] complained." *Id.* 52.7(a)(2).

Accordingly, the court dismisses relator's petitions for writs of mandamus without prejudice to refiling petitions curing the above-identified deficiencies.[3]

/s/    Charles A. Spain
        Justice

Panel consists of Justices Wise, Bourliot, and Spain (Wise, J., concurring).
Do Not Publish—Tex. R. App. P. 47.2, 52.8(d).

---

[3] *See In re Hughes*, Nos. 14-20-00442-CR, 14-20-00443-CR & 14-20-00444-CR, 2020 WL 5049341, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2020, orig. proceeding) (dismissing for want of prosecution petitions for writs of mandamus for procedural effects relating to evidence to support petitions).