**Opinion filed August 15, 2024**



## In The

# Eleventh Court of Appeals

_____

### No. 11-24-00216-CV

_____

## IN RE ROBERT STEVEN CHILDRESS,

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

In this original proceeding, Relator, Robert Steven Childress, seeks a writ of mandamus against the Honorable Shane Long, the county judge for Palo Pinto County, Texas.

Childress claims to be a beneficiary under the will of Inge C. Childress. Although the administration of Inge's will was originally filed in the Palo Pinto County Court, it has since been transferred to the 29th Judicial District Court of Palo Pinto County. *See* TEX. EST. CODE ANN. § 32.003(a)(2) (West 2020) (a county court may transfer contested probate proceedings to a district court in counties with no statutory probate court).

This is the fourth petition for writ of mandamus that Childress has filed in this court.[1] His second petition sought an order compelling the Palo Pinto County Clerk to file documents that he had sent to the clerk. *In re Childress*, No. 11-22-00028-CV, 2022 WL 481553, at *1 (Tex. App.—Eastland Feb. 17, 2022, orig. proceeding) (mem. op.) (*Childress II*). We dismissed his petition because we did not have jurisdiction over the clerk of the trial court and Childress did not show that the writ of mandamus directed at the clerk was necessary to enforce our jurisdiction. *Id.*; *see also* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2023); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). In his third petition, Childress requested that we order Judge Long to hear and rule on his motions that sought to remove the executrix of Inge's estate. *In re Childress*, No. 11-22-00183-CV, 2022 WL 16640866, at *1 (Tex. App.—Eastland Nov. 3, 2022, orig. proceeding) (mem. op.) (*Childress III*). While the third mandamus proceeding was pending, Judge Long transferred the case to the district court. Accordingly, we dismissed the petition, concluding that Judge Long no longer had jurisdiction over the case. *Id.*

In this petition, Childress asks that we order Judge Long to accept and rule on his motions requesting that Judge Long appoint a "statutory probate judge" to hear and rule on the case. However, as we have already stated in *Childress III*, Judge Long no longer has jurisdiction over the case and thus cannot provide any relief to any party in connection with the administration of Inge's estate. *Id.* This includes Childress's request that a new judge be appointed to hear and rule on the case. *See, e.g.*, *Ex parte Serenil*, 734 S.W.2d 71, 73 (Tex. App.—San Antonio 1987, writ dism'd) ("When the order transferring the case became final, the case stood as

---

[1]We denied his first petition without issuing a written opinion. *In re Childress*, No. 11-21-00292-CV (Tex. App.—Eastland December 30, 2021, orig. proceeding) (judgment) (*Childress I*); *see also* TEX. R. APP. P. 52.8(d).

though it had originally been filed in Harris County and the Bexar County district court was powerless to deal with the subject matter of the case which it had ordered transferred."). Likewise, and for similar reasons, we lack jurisdiction to issue mandamus in connection with Childress's request in the matter before us (*Childress IV*). *See Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022) (courts lack subject-matter jurisdiction to decide a moot controversy). Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.


W. STACY TROTTER
JUSTICE


August 15, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.