# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00510-CV

---

**In re R.B. Ethridge**

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator R. B. Ethridge has filed a pro se petition for writ of mandamus requesting that we compel "the clerk responsible" to provide relator at no cost with a copy of an article 11.07 application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.07, § 1 (noting that article 11.07 "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death").[1] Relator asserts that both the Bell County District Clerk's Office and Bell County Clerk's Office have refused to provide relator with the form in violation of Texas Rule of Appellate Procedure 73.1(b) and article 1, section 19 of the Texas Constitution. *See* Tex. Const. art. I, § 19 (providing that no Texas citizen "shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land"); Tex. R. App. P. 73.1(b) (requiring that district clerk of county of conviction make article 11.07 application

---

[1] Relator's underlying conviction appears to be a misdemeanor, for which postconviction habeas relief is authorized by article 11.09, not 11.07. *See* Tex. Code Crim. Proc. art. 11.09(b)

available "on request, without charge"). Attached to the petition are letters from both clerks' offices.

A court of appeals may issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." Tex. Gov't Code § 22.221(b). We have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). A writ of mandamus is not necessary to enforce our jurisdiction in this case.

Accordingly, we dismiss relator's petition for writ of mandamus. *See* Tex. Gov't Code 22.221(a), (b).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Filed: August 22, 2024

---

("After final conviction in any misdemeanor case, the applicant or petitioner may apply to the judge of the court in which the applicant was convicted.").

2