In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00194-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Scott Mitchell Obeginski asks this Court to compel the Montgomery County District Clerk to accept monthly installment payments of $500 for the clerk's record for Appeal Number 09-25-00487-CV, *Scott Mitchell Obeginski v. Codilis & Moody, P.C., et al*. He argues that relieving him from paying $5,973 for the entire record now will protect our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.").

1

For mandamus to issue against the District Clerk, "the party seeking mandamus must show that there is no other adequate remedy available and that the act sought to be mandated is ministerial." *In re Washington*, 7 S.W.3d 181, 182-83 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (clerk had ministerial duty to forward notice of appeal to appellate court).

Relator has not shown that the District Clerk has a ministerial duty to accept an installment payment plan. Generally, the District Clerk "shall collect at the time the service is performed or at the time the service is requested the fees provided by Subsection (b) for services performed by the clerk." . . . (b)(5) "for preparation of the clerk's record on appeal, for each page or part of a page $1." Tex. Gov't Code Ann. § 51.318(a), (b)(5).

The clerk is responsible for preparing, certifying, and timely filing the clerk's record if "the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee." *See* Tex. R. App. P. 35.3(a)(2). Obeginski has not paid for the clerk's record. Notwithstanding section 51.318 of the Government Code, which states the clerk shall collect the fee when the service is requested or performed, Relator argues $500 monthly installments are "satisfactory arrangements" for purposes of Rule 35.3(a)(2). In order for an installment

2

arrangement to be satisfactory to the District Clerk, the clerk manifestly must be satisfied that the fee will be paid in full and within a reasonable time. Otherwise, an appellant might pay one or two installments and quit paying as soon as the clerk filed the record with the appellate court.

When a party asserts that they are unable to afford to pay for the record, the trial court may "order that the declarant pay the part of the costs the declarant can afford or that payment be made in installments." Tex. R. Civ. P. 145(f)(3). If the trial court orders installment payments under Rule 145, the clerk must prepare and file the record without delay. *See id.* The mandamus record does not show that Rule 145.3(f)(3) applies here. On January 9, 2026, the trial court signed an order that stated in part, "It is ORDERED that Scott Obeginski shall pay to the Montgomery County District Clerk all fees which are presently due and owing since he admitted in open court and on the record that he is not indigent." In Appeal Number 09-25-00487-CV we gave Relator a February 17 deadline to seek review of the trial court's ruling. Relator filed a motion for a stay of the writ of execution, but he did not challenge the trial court's determination that he is able to pay costs for the record. Relator has not shown that the District Clerk is required to accept installment payments pursuant to Rule 145.

3

The District Clerk may possess discretion to accept or refuse installment payments, but Relator has not shown that she has a ministerial duty to do so. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on June 3, 2026
Opinion Delivered June 4, 2026

Before Golemon, C.J., Wright and Chambers, JJ.