Opinion issued June 23, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00458-CR

———————————

in re Ruben Barbalena, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Ruben
Barbalena has filed a pro se petition for writ of mandamus, complaining that he
filed an application for writ of habeas corpus, more than 35 days have elapsed,
and the application has not yet been forwarded to the Court of Criminal
Appeals.[1]  He asks that this Court order the Galveston
County District Clerk to forward his application to the Court of Criminal
Appeals.[2]  

          This
Court cannot grant the relief Barbalena requests.  A court of appeals has no general writ power
over a person—other than a judge of a
district court or county court—unless
issuance of the writ is necessary to enforce the court’s jurisdiction.  See Tex. Gov’t Code Ann. § 22.221 (West
2004).  Thus, we cannot issue a writ of
mandamus against the district clerk unless necessary to enforce our jurisdiction.  See id.;
see also In re Washington, 7 S.W.3d
181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  Barbalena has not shown that a writ of
mandamus directed to the district clerk is necessary to enforce our jurisdiction
because this Court has no jurisdiction over matters related to post-conviction
habeas corpus proceedings.  See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App.
1991) (orig. proceeding); In re McAfee,
53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  Jurisdiction in such proceedings rests
exclusively with the Court of Criminal Appeals. 
See Ater, 802 S.W.2d at 243.  

          Accordingly,
Barbalena’s petition for writ of mandamus is dismissed for lack of
jurisdiction. 

PER CURIAM

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Relator
has identified the underlying case as Ex
parte Barbalena, No. 07CR2318-83, in the 56th District Court of Galveston
County, Texas.

 





[2]
          Barbalena’s petition for writ of mandamus is
procedurally defective.  By rule, all
documents presented to this Court must be served on all parties to the
proceeding and must contain a proof of service. 
See Tex. R. App. P. 9.5. 
Barbalena’s petition lacks proof of service on the respondent.  See id.  The petition also lacks a certified or sworn
record, as required by Rules 52.3(k) and 52.7(a)(1).  See Tex. R. App. P. 52.3(k),
52.7(a)(1).  In light of our diposition
of the petition and to expedite its consideration, however, we will suspend
these rules.  See Tex. R. App. P.
2.