**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed September 29, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00761-CR

_____

## IN RE ERIC D. DOUGLAS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court No. 1122749-A**

---

## M E M O R A N D U M   O P I N I O N

On September 6, 2011, relator, Eric D. Douglas, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52.1. In his petition, realtor asks that we direct the Harris County District Clerk to transmit a copy of his application for writ of habeas corpus, and all related filings, to the Court of Criminal Appeals, as directed in Article 11.07, section 3(c) of the Texas Code of Criminal Procedure.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the

courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code § 22.221.

Relator's felony conviction for possession of cocaine is final. *See Douglas v. State,* No. 14-08-01177-CR, 2009 WL 195954 (Tex. App.—Houston [14th Dist.] Jan. 29, 2009, no pet.) (mem. op.) (not designated for publication). According to his petition, relator seeks post-conviction relief from that conviction pursuant to article 11.07 of the Texas Code of Criminal Procedure.

This court does not have mandamus jurisdiction over a district clerk unless the writ is necessary to enforce our jurisdiction. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (mem. op.). Only the Texas Court of Criminal Appeals has jurisdiction to issue writs of mandamus pertaining to habeas corpus proceedings seeking relief from final felony convictions. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717-18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Because the petition for writ of mandamus is directed toward the Harris County District Clerk and the writ is not necessary to enforce this court's jurisdiction, we lack jurisdiction to grant the requested relief. *See* Tex. Gov't Code § 22.221(b)(1). Accordingly, the petition for writ of mandamus is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.
Do Not Publish – Tex. R. App. P. 47.2(b).