**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed September 27, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00848-CR

### IN RE MICHAEL E. CARTER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1171837**

## MEMORANDUM OPINION

On September 17, 2012, relator Michael E. Carter, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, filed a petition for writ of mandamus in this court.[1] *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks that we direct the respondent, Chris Daniel, the Harris County District Clerk, to transmit to the Texas Court of Criminal Appeals copies of relator's post-conviction application for writ of habeas corpus, any answer thereto, and a

---

[1] This court affirmed relator's conviction and forty-year sentence for felony driving while intoxicated, and his petition for discretionary review was refused. *See Carter v. State,* No. 14-08-00662-CR, 2009 WL 2998534 (Tex. App.—Houston [14th Dist.] Aug. 11, 2009, pet. ref'd) (not designated for publication).

certificate reciting the date of the trial court's finding that there are no controverted, previously unresolved facts material to relator's confinement. *See* Tex. Code Crim. Proc. art. 11.07 § 3(c).

Our mandamus jurisdiction is limited. By statute, we have authority to issue a writ of mandamus against a judge of a district or county court in our court of appeals district and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221. We have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding). Because relator's petition for writ of mandamus is directed toward a district clerk and is not necessary to enforce this court's jurisdiction, we have no jurisdiction to grant the requested relief. *See* Tex. Gov't Code § 22.221(b)(1).

In addition, while the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over final post-conviction felony proceedings. *.See* Tex. Code Crim. Proc. art. 11.07 § 3; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction). Thus, we also lack jurisdiction over proceedings related to a post-conviction writ application pursuant to article 11.07. *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist] 2001, orig. proceeding); *see also McCree v. Hampton,* 824 S.W.2d 578, 579 (Tex. Crim. App. 1992) (ordering trial court to rule on applicant's post-conviction writ of habeas corpus).

Accordingly, the petition for writ of mandamus is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish – Tex. R. App. P. 47.2(b).