**Opinion issued January 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————

## NO. 01-12-01178-CR

———————

## IN RE ROBERT JONES, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Pro se relator Robert Jones was convicted of the felony offense of aggravated robbery. The Twelfth Court of Appeals affirmed the conviction. *Jones v. State*, No. 12-05-00373-CR, 2006 WL 3086168, at *3 (Tex. App.—Tyler Nov. 1, 2006, no pet.). Jones has now filed a petition seeking a writ of mandamus compelling the director of the Department of Criminal Justice–Institutional Division to perform a ministerial duty. Jones seeks to require the director to provide the parole board with his "sentence time credit information" in connection with his request to be released

on parole.  In his petition, Jones argues that he is currently eligible for release from prison.

We may issue writs of mandamus against a judge of a district or county court in our district and writs to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004).  Relator's request does not fall within our mandamus jurisdiction.  *See* TEX. CONST. art. V, § 6; *In re Randle*, No. 01-07-00598-CR, 2007 WL 2129074, at *1 (Tex. App.—Houston [1st Dist.] July 26, 2007, orig. proceeding).  We do not have mandamus jurisdiction against a prison administrator unless necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

Furthermore, a post-conviction request for relief related to parole is properly raised in an application for a writ of habeas corpus, not a petition for a writ of mandamus.  *See In re Randle*, 2007 WL 2129074, at *1; *see, e.g.*, *Evans v. State*, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) (challenge regarding time credit brought by writ of habeas corpus); *Montgomery v. State*, 894 S.W.2d 324, 325–26 (Tex. Crim. App. 1995) (challenge regarding parole eligibility brought by writ of habeas corpus).  However, even if we consider relator's request as a petition for writ of habeas corpus, only the Texas Court of Criminal Appeals has post-

2

conviction habeas corpus jurisdiction in felony cases.  *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  Thus, this Court lacks authority to grant the relief that Jones seeks.  *See Evans*, 964 S.W.2d at 648; *Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Montgomery*, 894 S.W.2d at 325–26; *In re McAfee*, 53 S.W.3d at 717–18; *In re Murphy*, No. 01-11-00120-CR, 2011 WL 1326032, at *1 (Tex. App.—Houston [1st Dist.] Apr. 7, 2011, orig. proceeding) (mem. op.).

We dismiss the petition for writ of mandamus for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).

3