

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00049-CV

IN RE RONNIE TURNER                                   RELATOR

------------

### ORIGINAL PROCEEDING

------------

### MEMORANDUM OPINION[1]

------------

Relator Ronnie Turner seeks a writ of mandamus compelling a deputy district clerk to send him complete file-stamped copies of documents he contends he filed with the trial court and court of criminal appeals relating to an application for writ of habeas corpus under code of criminal procedure article 11.07. We dismiss for want of jurisdiction.

This court has jurisdiction to issue writs of mandamus against district and county court judges, to issue writs of mandamus against a district judge acting as magistrate in a court of inquiry, and to issue all other writs necessary to enforce its own jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). We do not

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

have mandamus jurisdiction over a district clerk unless such is necessary to enforce our jurisdiction. *See, e.g.*, *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (mem. op.); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Jackson*, No. 02-10-00445-CV, 2010 WL 5395827, at *1 (Tex. App.—Fort Worth Dec. 30, 2010, orig. proceeding) (mem. op.). Here, Relator's petition for writ of mandamus does not involve a matter in which we must enforce our jurisdiction. *Cf. Washington*, 7 S.W.3d at 182–83. We must therefore dismiss Relator's petition for want of jurisdiction.

PER CURIAM

PANEL: GARDNER, DAUPHINOT, and GABRIEL, JJ.

DELIVERED: February 14, 2013