

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00408-CV

IN RE RONNIE TURNER                                                    RELATOR

-----------

ORIGINAL PROCEEDING

-----------

## MEMORANDUM OPINION[1]

-----------

Relator Ronnie Turner seeks a writ of mandamus compelling the Tarrant County deputy district clerk to explain in writing to this court why relator's "new evidence motion" was not filed with the trial court. Relator contends that he filed the motion under the same cover with his application for writ of habeas corpus under code of criminal procedure 11.07. We dismiss for want of jurisdiction.

In a previous petition for mandamus relief filed in this court, relator sought a writ of mandamus compelling the same deputy district clerk to send him complete file-stamped copies of the same motion that is the subject here. *See*

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

*In re Turner*, No. 02-13-00049-CV, 2013 WL 561482, at *1 (Tex. App.—Fort Worth Feb. 14, 2013, orig. proceeding) (mem. op.). As we noted in our memorandum opinion dismissing for want of jurisdiction relator's prior petition,

> This court has jurisdiction to issue writs of mandamus against district and county court judges, to issue writs of mandamus against a district judge acting as magistrate in a court of inquiry, and to issue all other writs necessary to enforce its own jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). We do not have mandamus jurisdiction over a district clerk unless such is necessary to enforce our jurisdiction. *See, e.g.*, *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (mem. op.); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Jackson*, No. 02-10-00445-CV, 2010 WL 5395827, at *1 (Tex. App.—Fort Worth Dec.30, 2010, orig. proceeding) (mem. op.).

*Id.*

In this case, the relief relator seeks does not affect our jurisdiction. *See Washington*, 7 S.W.3d at 182-83; *Coronado*, 980 S.W.2d at 692; *Jackson*, 2010 WL 5395827, at *1. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.[2]

PER CURIAM

PANEL: WALKER, DAUPHINOT, and MCCOY, JJ.

DELIVERED: November 25, 2013

---

[2]We have considered the relator's request that we provide him, the Tarrant County deputy district clerk, and the Tarrant County district attorney's office with a file-stamped copy of his petition for mandamus. We grant his request in part and will deliver to the above-mentioned individuals and entity the first page of his petition, showing our file stamp.