

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00166-CR

_____

IN RE WILLIAM ISAAC HOFF

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

William Isaac Hoff has petitioned this Court for mandamus relief. Hoff names as respondent the County Clerk of Cass County, Jamie A. O'Rand. Hoff complains that the clerk has failed in a ministerial duty, which Hoff alleges to be filing and forwarding motions he claims to have sent to the clerk.

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Due to the nature of this remedy, it is Hoff's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

This Court has limited mandamus jurisdiction; we may issue a writ of mandamus only against a judge of a district or county court in our district. TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). That jurisdiction does not extend to other parties, such as district clerks, unless such mandamus relief would be necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004); *see also In re Washington*, 7 S.W.3d 181, 182–83 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam); *In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam); *In re Brown*, No. 06-10-00158-CR, 2010 WL 3433270, at *1 (Tex. App.—Texarkana Sept. 2, 2010, orig. proceeding) (not designated for publication).

Hoff has failed to show himself entitled to mandamus relief. We find no circumstances presented which would make a writ of mandamus issued against the County Clerk of Cass County necessary to enforce our jurisdiction. We do not have jurisdiction to issue a writ of mandamus against a county clerk unless such writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221. Hoff has not demonstrated an abuse of discretion regarding a ministerial duty and, thus, has not demonstrated he is entitled to the relief requested.

We deny the petition.


Ralph K. Burgess
Justice


Date Submitted:     October 4, 2016
Date Decided:       October 5, 2016

Do Not Publish