**Opinion issued July 2, 2024.**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

**NOS. 01-24-00451-CR**
**01-24-00452-CR**
**01-24-00453-CR**
**01-24-00454-CR**
**01-24-00455-CR**
**01-24-00456-CR**

———————————

**IN RE ROBERT C. EDWARDS, Relator**

———————————

**Original Proceeding on Petitions for Writ of Mandamus**

———————————

**MEMORANDUM OPINION**[1]

---

[1] The underlying cases are *Robert C Edwards, Jr. v State*, Nos. 01-04-00966-CR, 01-04-00967-CR, 01-04-00968-CR, 01-04-00969-CR, 01-04-00970-CR, 01-04-00971-CR, 2006 WL 115925 (Tex. App.—April 27, 2006), *affirmed*, 2008 WL 366617 (Tex. Crim. App. 2008). This Court affirmed Relator's convictions in 2006, and the Texas Court of Criminal Appeals affirmed this Court's opinion in 2008. *See id.*

Relator, Robert C. Edwards, has filed petitions for writ of mandamus, requesting that we compel Marilyn Burgess, the Harris County District Clerk, to provide him with transcripts from his 2006 felony convictions. Edwards claims that he needs the transcripts to file a post-conviction habeas proceeding challenging the methodology being used by the trial court or the Texas Department of Criminal Justice to calculate his sentences.

This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE § 22.221. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a judge of a district or county court in the court of appeals' district, (2) writs against a district judge acting as magistrate in a court of inquiry in the court of appeals' district, and (3) writs necessary to enforce the court of appeals' jurisdiction. *Id*. We have no authority to issue a writ of mandamus against a district clerk unless it is necessary to enforce our jurisdiction. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) (holding that court of appeals has no jurisdiction to issue writ of mandamus against district clerk unless necessary to enforce its jurisdiction).

Additionally, Edwards claims that he needs the trial court records to prepare a post-conviction writ pursuant to Article 11.07 of the Texas Code of Criminal Procedure. This Court has no authority to issue writs of mandamus in criminal

matters pertaining to proceedings under Article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Because Edwards's conviction is final and no appeal is pending in this Court, and because we have no jurisdiction over any proceeding filed pursuant to Article 11.07, a writ of mandamus against the District Clerk would not protect this Court's jurisdiction.

Accordingly, we dismiss Edwards's petitions for writ of mandamus for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).